UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERICK BREADY and NANCY BREADY, his wife,

        Plaintiff,                            5:07-CV-826
                                                        (NAM/DEP)
    v.

CSX TRANSPORTATION, INC., DB HOTALING, JULIE ROBINSON and ELAINE BAILEY,

        Defendant.
_____

**APPEARANCES**                                **OF COUNSEL:**

COLLINS COLLINS & DONOGHUE, P.C.        Patrick J. Donoghue, Esq.
267 North Street
Buffalo, New York  14201
*Attorneys for Plaintiffs*

GOLDBERG & SEGALLA, L.L.P.            John J. Jablonski, Jr.
665 Main Street, Suite 400
Buffalo, New York  14203
*Attorneys for Defendant CSX Transportation*

COSTELLO, COONEY LAW FIRM          Jean Marie Westlake, Esq.
205 South Salina Street
4th Floor
Syracuse, NY 13202
*Attorneys for Defendant Julie Robinson*

**Norman A. Mordue, Chief U.S. District Judge**:

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

    The present case involves a multi-vehicle automobile accident which occurred in

Syracuse, New York on September 16, 2006.  At the time of the accident, plaintiff Frederick

Bready was employed by defendant, CSX Transportation, Inc. and claims that his injury occurred

in the course of his employment.  Based thereupon, plaintiffs claim CSX is liable for failure to provide him with a reasonably safe place to work under the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq. ("FELA").  The three individuals named as defendants in this matter were also drivers of vehicles involved in the accident and all are residents of the State of New York.  Presently before the Court is a motion by plaintiffs to remand this action, removed by defendant CSX from New York State Supreme Court to this District, on August 15, 2007.

In their motion to remand, plaintiffs asserted that this Court lacks subject matter jurisdiction over the complaint and that the complaint contains a non-removable claim under FELA.  Defendant CSX opposes remand in the first instance on the ground that the motion for said relief was untimely.  CSX also argues that the Court has jurisdiction over this action based on the Federal Tort Claims Act ("FTCA") because an employee of the United States Postal Service ("USPS") was also involved in the automobile accident which is the subject of this action.  The parties concede that neither the federal employee nor USPS is named as a defendant in the complaint.  Subsequent to the filing of all motion and opposition papers, plaintiffs' counsel submitted a letter to the Court suggesting that a further ground for granting remand is the failure of all defendants to join in the removal as required by 28 U.S.C. § 1441(a).

## II.     DISCUSSION

A.     <u>Relevant Legal Standard</u>

28 U.S.C. § 1441 provides in part:

> (a) [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States[.]

Pursuant to 28 U.S.C. § 1331 "[t]he district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws or treaties of the united States," while 28 U.S.C. §1332 provides in part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States[.]

A notice of removal must be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See* 28 U.S.C. § 1446.

Notably, any motion to remand a case to state court after removal, save for one based on lack of subject matter jurisdiction, must be filed within 30 days in accordance with 28 U.S.C. § 1447(c). Under section 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Federal law also prohibits removal of cases filed under FELA to any district court of the United States. *See* 28 U.S.C. § 1445(a). On a motion to remand, a court must construe all factual allegations in favor of the party seeking the remand, *see R.G. Barry Corp. v. Mushroom Makers, Inc*., 612 F.2d 651, 655 (2d Cir. 1979), and the removing party has the "burden of establishing that a case falls within the [c]ourts removal jurisdiction!.]" *NASDAQ Mkt Makers Antitrust Litig*., 929 F.Supp. 174,178 (S.D.N.Y. 1996) (citation omitted).

B.   Plaintiffs' Motion for Remand

In the present case, plaintiffs are correct in arguing that the Notice of Removal filed by CSX was defective *ab initio* in that all named defendants had not consented. *See McKay v. Point Shipping Corp., 587 F. Supp. 41,42 (S.D.N. Y. 1984) (citing Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir. 1960)). If plaintiffs' motion to remand was based solely on a defect in the removal

3

procedure, defendant CSX would be correct in arguing that the motion to remand should nevertheless be denied as untimely. *See Keith v. Gen. Elec. Co.*, 1990 WL 152054, *1 (N.D.N.Y. Oct. 1,1990) (although all defendants did not consent to removal, making petition for removal defective, motion to remand based on a defect in removal procedure was not timely made). Indeed, it is clear that the 30 day period for filing a motion for remand outlined in 28 U.S.C. § 1447(c) expired on Friday, September 14, 2007, and would not have been tolled until Monday, September 17, 2007, as argued by plaintiffs. *See* Fed. R. Civ. P. 6(a). Further, plaintiffs have not provided the Court with any cause for their delay in filing the motion to remand. *See* Fed. R. Civ. P. 6(b). However, the numerous filings by the attorneys on both sides of whether "31 days" was timely pursuant to Fed. R. Civ. P. 6(a) miss the obvious point that since plaintiffs motion for remand alleges the Court lacks subject matter jurisdiction, the 30-day time period is inapplicable in any event. *See* 28 U.S.C. § 1447(c).

    Having determined that the motion for remand was timely filed, the Court next addresses the question of subject matter jurisdiction. No party could or does seriously argue that the Court has diversity jurisdiction in this case given the residence of at least three defendants in New York. While this Court could retain subject matter jurisdiction over plaintiffs' FELA claim if the case was otherwise properly removed on independent jurisdictional grounds, *see California Pub. Employees v. Worldcom, Inc*., 368 F. 3d 86, 99 (2d Cir. 2004), litigants are expressly prohibited from removing FELA actions in their own right to federal court. *See* 28 U.S.C. § 1445 (a).

    Defendant CSX, however, alerts the Court to the FTCA as the jurisdictional basis for the removal petition. In this case, plaintiffs have not cited nor made a single reference to the FTCA in their complaint. It is long-settled that a cause of action arises under federal law only when the plaintiffs "well-pleaded complaint" raises issues of federal law. *Gully v. First Nat'l Bank*, 299

4

U.S. 109,113 (1936).  The "well-pleaded complaint rule" is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts. *See Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for Southern Cal*, 463 U.S. 1, 9-12 (1983).  It is true that district courts have deemed complaints pleaded entirely in state law "federal in character" based on their contemplation of actions governed by an exclusively federal enforcement scheme such as ERISA.  *See, e.g., Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Keith, supra*, 1990 WL 152054, at *1 ("This court has subject matter jurisdiction over this action notwithstanding the absence of any reference to ERISA in the complaint given that the essence of the three claims asserted against General Electric and Metropolitan Life is that they wrongfully denied plaintiff benefits due her under her former husband's life insurance plan established and maintained by Metropolitan Life for General Electric").  However, the FTCA does not preempt the state law negligence claims raised by plaintiffs in the present complaint.

CSX contends that even though plaintiffs do not reference the FTCA or name the USPS as a defendant in their complaint, they nevertheless "specifically identify and allege" the direct involvement of a USPS vehicle in causing or contributing to plaintiff Frederick Bready's injury.  Thus, defendant CSX argues that: 1) plaintiffs "avoided naming the USPS ... [in] a conscious effort to evade this forum; 2) a cause of action is alleged against USPS on the "face of the complaint;" and 3) plaintiffs "should have" named the USPS as a party to the litigation.  In support of this contention, defendant CSX cites *EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.*, 322 F. 3d 635 (9th Cir. 2003).  However, *EIE Guam* is entirely distinguishable from the present litigation in that the party against whom the plaintiff had failed to make allegations in an effort to avoid federal jurisdiction was an actual defendant who had been joined in the lawsuit.  *See* 322 F. 3d at 638.  Here, not only have plaintiffs not alleged that any party is liable under the

FTCA, they have not named the USPS as a defendant, nor has CSX yet demonstrated that USPS is an indispensable party in this case. Thus there are no claims under the FTCA evident in plaintiffs well-pleaded complaint and more importantly there are no defendants named in the lawsuit who would be liable under the FTCA in any event. Based thereupon, the Court finds that it lacks subject matter jurisdiction and remand is appropriate.

IV.   CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the motion for remand (Dkt. No. 3) filed by plaintiffs is GRANTED; and it is further

ORDERED that the motion to strike (Dkt. No. 4) is DENIED as MOOT; and it is further

ORDERED that this action is remanded to New York State Supreme Court.

IT IS SO ORDERED.

Date:   March 26, 2008

Norman A. Mordue
Chief United States District Court Judge